KNOLL, Justice,
concurring in part and dissenting in part.
Although I concur with the majority opinion’s interpretation and application of the penalty provisions contained in La. Rev. Stat. § 22:1220(0, with all due respect, I dissent from the majority’s failure to apply the amended version of La.Rev. Stat. § 22:658 to the facts of this case for the reasons expressed in my dissent in Sher v. Lafayette Ins. Co., 07-2441 (La.4/8/08), 988 So.2d 186, 208-09. As I explained therein, the majority’s limited application of the amendment to the filing of a satisfactory proof of loss, rather than based upon the conduct of the insurer, is fundamentally flawed. In my view, such an application both “frustrates and fails to recognize the Legislature’s strong public policy efforts to discourage the arbitrary and capricious conduct of the insurer in dealing fairly and in good faith with the insured.” Id. Moreover, because the insurer’s obligation is a continuing obligation, the application of the amendment is not and should not be limited to the time frame set forth in the statute. Therefore, I would apply the statute as amended and affirm the award of attorney’s fees.